## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**KATHY MARTIN,**
        **Plaintiff,**

**v.**                                          **Case No: 3:09cv508/LAC/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**

_____

## REPORT AND RECOMMENDATION

  **Before the court is an application for attorney fees filed under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (doc. 36), to which defendant has responded (doc.37). Plaintiff's counsel also filed an unopposed motion for attorney fees, seeking compensation pursuant to the Social Security Act, 42 U.S.C. § 406(b) ("SSA") for time spent in this court successfully obtaining benefits for his client (doc. 38). Plaintiff's counsel requests reimbursement of $2,723.35 under the EAJA, and $13,205.00 from SSA pursuant to a contingent fee contract he had with his client (docs. 36, 38). He has filed an accounting of time spent that shows 15.6 hours as the total time spent representing plaintiff in this court. Plaintiff's counsel acknowledges that if awarded fees under the EAJA and SSA, he will be required to refund to plaintiff the amount of $2,723.35 awarded under the EAJA (doc. 38, p. 2).**

  **As the result of counsel's efforts in this case, plaintiff was awarded back benefits beginning May 8, 2007, and the Commissioner has withheld $13,205.00 (which is 25% of the award) from the amount owed for payment of fees pursuant to § 406(b). The contingent fee contract at issue here provides that plaintiff shall pay**

her attorney 25% of the past benefits recovered.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature.  Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall.  535 U.S. at 808, 122 S. Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent."  865 F.2d at 739.  The full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients."  *Id.*  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  Thus, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*

Although some cases decided since *Gisbrecht* have been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases, *see, e.g.*, *Perkins v. Astrue*, 632 F. Supp. 2d 1114 (M.D. Fla. 2009) (awarding de facto hourly rate of $573), *Bossard v. Astrue*, 612 F. Supp. 2d 1198 (N.D. Okla. 2009) (approving $395), *Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (approving $891); *McPeak v. Barnhart*, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); other courts have declined to do so, *see, e.g.*,

*Rothenbecker v. Astrue*, __ F. Supp. 2d __, 2011 WL 560248 (reducing de facto rate from $1013.50 to $850.00), *Statler v. Astrue*, 2009 WL 195955 (C.D. Cal. 2009) (reducing rate from $1396 to $300), *Smith v. Astrue*, __ F. Supp. 2d __, 2009 WL 35223 (N.D. Ind. 2009) (reducing rate from $742 to $275). Indeed, no exact measure for determining fees exists, and courts have approached the matter in different ways. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1168 (C.D. Cal. 2006) (analyzing forty-three post-*Gisbrecht* decisions). The *Ellick* court noted that, in eight of forty-three reported cases, the attorneys had requested fees which were less than twenty-five percent of the awarded benefits, and the courts had approved those requests. *Ellick*, 445 F. Supp. 2d at 1168–71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning (e.g., strictly deferring to the fee agreement; finding the de facto hourly rate reasonable; considering the fee agreement in addition to other factors, such as the results obtained, attorney's skill and efficiency, and lack of objection by the Commissioner). *Id.* at 1168–69 & n.6. In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used de facto hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, five reduced fees drastically without precise explanation, one excluded fees attributable to paralegal time, and one excluded fees for past-due benefits recovered for the claimant's minor children. *Id.* at 1169–71.

Having considered the facts of this case and the foregoing court decisions, the undersigned is persuaded that an award of 25% of Plaintiff's past due benefits is reasonable.

Here, plaintiff and her attorney agreed to a reasonable fee of 25% of past benefits recovered (doc. 38, ex. 2). The Commissioner withheld $13,205.00 from the amount awarded to plaintiff, calculated as 25% of the award. Plaintiff's counsel has spent 15.6 hours representing plaintiff in this court and in the appellate court. Thus, if he is awarded the full 25% contingency, his effective hourly rate will be $846.47.

Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner.  Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded his client.  Plaintiff's counsel has been representing the plaintiff since July 2009, and represented her with the expectation that he would receive nothing for his efforts if he was not successful.  Although counsel requested one extension of time, this did not result in prejudice to plaintiff.  The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Accordingly, it is respectfully RECOMMENDED:

1.  That the application for attorney fees under the Equal Access to Justice Act (doc. 36) be granted in the amount of $2723.35, and the Commissioner be ordered to pay that amount to plaintiff's counsel.

2.  That the unopposed motion for attorney fees under Title 42 U.S.C. § 406(b) (doc. 38) be granted in full.

3.  That this court order the Commissioner to disburse the sum of $13,205.00 to plaintiff's counsel, John M. Pennington, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b).

4.  That plaintiff's counsel be ordered to refund the Equal Access to Justice Act fees directly to plaintiff upon receipt of both sums from the Commissioner,.

At Pensacola, Florida, this 9th day of May, 2011.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**